**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**JULY 10, 2014**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: | Case No.:   12-39700 (DHS) |
| **DAVID ABRAHAM AND PARVIN ASGHARNEJAD,** | Judge: Donald H. Steckroth, U.S.B.J. |
| Debtors. | |

**OPINION**

**APPEARANCES:**

Middlebrooks Shapiro, P.C.
Joseph M. Shapiro, Esq.
Melinda D. Middlebrooks, Esq.
841 Mountain Avenue
First Floor
Springfield, New Jersey 07081
*Counsel for Debtors*

McDonnell Crowley Hofmeister, LLC
John Michael McDonnell, Esq.
Brian Thomas Crowley, Esq.
115 Maple Avenue
Suite 201
Red Bank, New Jersey 07701
*Counsel for Plaintiff*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is the objection of Joseph Newman, the chapter 7 trustee (the "Trustee"), to David Abraham and Parvin Asgharnejad's (the "Debtors") claimed exemption in real estate located at 291 Mountain Avenue, Springfield, New Jersey (the "Property") pursuant to 11 U.S.C. §§ 105 and 522, and Federal Rules of Bankruptcy Procedure 4003 and 9006. In their original Schedule C, filed on January 4, 2013, the Debtors claimed a $10,505.76 exemption in the Property (the "Original Exemption"). On April 18, 2014, the Debtors filed an amended Schedule C seeking to increase their exemption claim to $43,250 (the "Amended Exemption").

The Trustee objects to the Debtors' claimed exemption on the grounds that the Property is not the Debtors' residence, and argues that the amendment should be disallowed as Debtors have filed their Amended Exemption in bad faith, which if allowed, would prejudice creditors. The Debtors respond to the objection asserting that the Original Exemption was based on an original valuation which indicated minimal equity in the Property, and the Amended Exemption was made in reliance on Trustee's initial statement that he had no interest in selling the Debtors' residence. The Debtors assert the Property is their principal residence, and that the Amended Exemption was not made in bad faith, but rather pursuant to a newly obtained valuation of the Property.

**FACTUAL BACKGROUND**

The Debtors filed their chapter 7 petition on December 21, 2012 (the "Petition Date"). They have owned the Property since June 22, 1998 (the "Purchase Date"). Following David Abraham's decreasing business income in 2011, the Debtors moved to Iran so he could seek work. The Debtors adult children live in and maintain the residence while their father, David Abraham works abroad in Iran. While the Debtors have supplied the Trustee with proof of

certain maintenance of the Property, the children admittedly contribute to the monthly payments on the Property. (*See* Certification of Amir Abraham ¶ 8) ("Together [my sister and I] pay the mortgage and all of the utilities every month, and ensure that our parent's house is maintained"). The Debtors list no dependents on their petition, and scheduled no dollar amount when prompted about the cost of continued contributions to household family members. On Schedule I of their petition, Debtors disclosed that they receive support payments from their son and daughter in the amount of $4,000.

On the petition, David Abraham represented that he lived and worked in Tehran, Iran prior to the Petition Date. While Debtor David Abraham asserts in his certification that Debtors at all times intend to return to the Property, the Debtors' counsel's certification in support of Debtors' previous motion to compel abandonment of the Property stated that Debtors had no plans to return to this country in the near future. Debtors contend that they temporarily live and work abroad, but maintain the Property as their primary residence. The Debtors' petition reflects that the Property is the Debtors' residence, and at the 341 meeting, Debtors' presented the Trustee with proof of identification, a New Jersey driver's license, listing the Property as the Debtors' residence.

The Trustee asserts that the Debtors have shown a pattern of uncooperativeness throughout the case, and have not been forthcoming with documents related to potential business interests in Iran and Turkey. The Trustee states that the Debtors did not cooperate with the Trustee's attempts to access the Property to investigate and reach a valuation, until this Court denied Debtors' motion to compel abandonment on April 1, 2014. Debtors respond that they have provided the Trustee with all relevant information. They add that they filed a certification

with the Court in March 2014 detailing the Trustee's four-month unresponsiveness to the Debtors' communications.

## DISCUSSION

### I.    Whether the Debtors' Exemption is Proper

As the objecting party, the Trustee bears both the initial burden of production and ultimate burden of persuasion in any controversy regarding legitimacy of the Debtors' claimed exemptions. Fed. R. Bankr. P. 4003(c). The Trustee must produce evidence to rebut the presumptive validity of Debtors' claimed exemptions by a preponderance of the evidence. *In re Scotti*, 245 B.R. 17, 20 (Bankr. D.N.J. 2000) (A trustee must show by a preponderance of the evidence that the Debtor is improperly claiming the exemptions). Only if the Chapter 7 Trustee produces evidence to rebut presumptive validity of Debtors' claimed exemptions does the burden shift to the Debtors to come forward with sufficient evidence to demonstrate that the exemption is proper. *In re Reschik*, 343 B.R. 151 (Bankr.W.D. Pa. 2006).

The issue before this Court is whether the Property is the Debtors' residence under Section 522(d)(1). Section 522(d)(1) of the Bankruptcy Code provides that the following property may be exempted:

> The debtor's aggregate interest, not to exceed $21,625 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . .

11 U.S.C. § 522(d)(1). Judge Kaplan of this Court noted that Section 522(d)(1) "should be interpreted in light of the goal of the exemption: to protect a debtor's family home." *In re Stoner*, 487 B.R. 410, 417 (Bankr. D.N.J. 2013) (citing *In re Anderson,* 240 B.R. 254, 256 (Bankr.W.D.Tex.1999). "Specifically, the purpose of a homestead exemption is to provide

debtors with the basic necessity of a home." *In re Stoner*, 487 B.R. 410, 420 (Bankr. D.N.J. 2013). It is "consistent with the legislative history of § 522(d)(1) that this Court likens the term 'residence' in § 522(d)(1) to a 'home' or 'homestead' and interprets the definition of the term 'residence' within § 522(d)(1) as requiring more than mere occasional or temporary occupancy." *In re Stoner*, 487 B.R. at 420.

In *In re Stoner*, 487 B.R. at 420, the court held that where the debtor temporarily lived at his father's home for caretaking purposes, it was clear that the very purpose of debtor's residence was temporary; i.e. until his father became well or passed away. *See In re Stoner*, 487 B.R. at 420. ("[A]lthough the Debtor was staying with his father [for more than a year prior to the petition date] in order to care for him, the Debtor maintained a separate residence and did not have the intent to make the Property his principal residence."). Here, Debtors attempt to analogize their situation to the one in *Stoner*, by asserting they are only in Iran until David Abraham finds work and can move back to the United States. The Debtors, however, moved to Iran before filing their Petition in 2012 and have not asserted that David Abraham has made any serious effort or has any intent to find work in the United States. Debtors have lived and worked in Iran since before the Petition Date, over two and a half years ago. Other than their statements that they intend to return, Debtors have not demonstrated any legal justification for a finding that the Property is their principal residence. In addition, Debtors' counsel recently filed papers with the court expressly stating Debtors have no intent of returning to the United States in the near future.

In addition to the above, Debtors' adult children, who are not dependents, maintain and pay for the Property. It seems clear that while the Property is owned by the Debtors, it functionally does not serve as their residence as required under § 522 (d)(1) of the Code. Under the circumstances, it would be fair to say that Debtors' principal residence is in Iran, while their children pay rent to live

in what seems more similar to an investment property of the Debtors. This finding does not violate the purpose of the exemption; that is, to provide Debtors' with the necessity of a home, i.e., a roof over their head.

## CONCLUSION

In conclusion, the Amended Exemption is improper because the Debtors have not resided in the Property for a significant time period beginning before the bankruptcy case and show no evidence of intent to return shortly. The Debtors moved to Iran before the petition was filed and remain there today. Their children (non-dependents) pay the mortgage and utilities, and the Debtor has had a job in Iran for three years. Thus, the Trustee has carried his burden and, because the Property is not the Debtors' residence, the Amended Exemption is denied.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

*s/ Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: July 10, 2014