**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
(fax) (973) 218-6878
Joseph M. Shapiro, Esq. (JS1981)
Attorneys for Appellants,
David Abraham and Parvin Asgharnejad

|  |  |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| **DAVID ABRAHAM and PARVIN ASGHARNEJAD,** | Honorable Donald H. Steckroth |
|  | Chapter 7 |
| Chapter 7 Debtors. | Case No.: 12-39700 (DHS) |

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL OF THE BANKRUPTCY COURT'S ORDER DENYING HOMESTEAD EXEMPTIONS CLAIMED BY APPELLANTS DAVID ABRAHAM AND PARVIN ASGHARNEJAD**

Appellants, David Abraham and Parvin Asgharnejad (the "Appellants"), by and through their attorneys, Middlebrooks Shapiro, P.C., hereby designate the following items to be included in the record on appeal and statement of issues to be presented on appeal of the Bankruptcy Court's Order Denying Debtor's Amended Homestead Exemptions, which Order was filed and entered July 10, 2014.

I. **DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Appellants designate the following items to be included in the record on appeal:

1. Chapter 7 Voluntary Petition and Schedules filed on December 21, 2012. Docket No. 1. (Exhibit A).

2. Missing Document(s): Attorney Signature, Debtor Signature, List of All Creditors, Statement of Financial Affairs, Summary of Schedule, Sum of Liabilities, Statement of Current Monthly Income and Means Test, Schedules A,B,C,D,E,F,G,H,I,J filed on January 4, 2014. Docket No. 8. (Exhibit B).

3. Notice of Assets & Request for Notice to Creditors filed on January 29, 2014. Docket No 15. (Exhibit C).

4. Order Discharging Debtors entered on November 15, 2013. Docket No. 32. (Exhibit D).

5. Certification of Joseph Shapiro, Esq. in Support of Motion to Compel Abandonment regarding 291 Mountain Avenue, Springfield, NJ 07081 filed on March 5, 2014. Docket No. 35. (Exhibit E).

6. Certification of Amir Abraham in Support of Motion to Compel Abandonment regarding 291 Mountain Avenue, Springfield, NJ 07081 filed on March 31, 2014. Docket No. 41. (Exhibit F).

7. Amended Schedules A and C filed on April 18, 2014. Docket No. 47. (Exhibit G).

8. Certification of David Abraham in Support of Debtors' Claimed Homestead Exemptions in Support of Amended Schedules A and C filed on April 18, 2014. Docket No. 48. (Exhibit H).

9. Objection to Debtors' Claim of Exemptions filed by Chapter 7 Trustee Joseph J. Newman, Esq. on May 15, 2014. Docket No. 50. (Exhibit I).

10. Memorandum of Law in Opposition to the Chapter 7 Trustee's Objection to the Debtors' Amended Homestead Exemptions in the Debtors' Residence filed on June 3, 2014. Docket No. 54. (Exhibit J).

11. Certification of Joseph M. Shapiro, Esq. in Support of the Debtors' Memorandum of Law in Opposition to the Chapter 7 Trustee's Objection to the Debtors' Amended Homestead Exemptions in the Debtors' Residence filed on June 3, 2014. Docket No. 54. (Exhibit K).

12. Certification of David Abraham in Support of the Debtors' Memorandum of Law in Opposition to the Chapter 7 Trustee's Objection to the Debtors' Amended Homestead Exemptions in the Debtors' Residence filed on June 3, 2014. Docket No. 54. (Exhibit L).

13. Response of Chapter 7 Trustee Joseph J. Newman, Esq. to Memorandum of Law in Opposition to the Chapter 7 Trustee's Objection to the Debtors' Amended Homestead Exemptions in the Debtors' Residence filed on June 3, 2014. Docket No. 54. (Exhibit M).

14. Opinion on Objection to Debtors' Amended Exemptions, filed and entered July 10, 2014. Docket No 58. (Exhibit N).

15. Order Denying Exemptions, filed and entered July 10, 2014. Docket No. 59. (Exhibit O).

16. Transcript of Bankruptcy Court hearing on Objection to Debtor's Claims Exemptions.

(Request for Transcript Submitted to Bankruptcy Court).

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, copies of the foregoing are annexed hereto and a letter request to the Court Reporter for transcripts of the proceedings before the Bankruptcy Court is submitted concurrently herewith.

## II. STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court erred in denying David Abraham and Parvin Asgharnejad's amended homestead exemptions.

2. Whether the Bankruptcy Court erred in finding that 291 Mountain Avenue, Springfield, NJ 07081 (the "Property") is not David Abraham and Parvin Asgharnejad's principal residence under 11 U.S.C. §522(d)(1).

3. Whether the Chapter 7 Trustee failed to meet his burden to produce sufficient evidence under Fed. R. Bankr. P. 4003(c) to rebut, by a preponderance of the evidence, the presumptive validity of David Abraham and Parvin Asgharnejad's claimed homestead exemptions in the Property.

4. Whether the Bankruptcy Court erred by shifting the burden of proof onto David Abraham and Parvin Asgharnejad, where the Chapter 7 Trustee failed to meet his initial burden to produce sufficient evidence under Fed. R. Bankr. P. 4003(c) to rebut, by a preponderance of the evidence, the presumptive validity of David Abraham and Parvin Asgharnejad's claimed homestead exemptions in the Property.

5. Whether the Bankruptcy Court erred by relying upon and misconstruing the context and substance of a June 23, 2013 email between counsel, regarding the Chapter 7 Trustee's scheduling of a 2004 examination, in finding that David Abraham and Parvin Asgharnejad

show no intent of returning to the Property shortly/in the near future.

6. Whether the Bankruptcy Court erred by relying upon and misconstruing the context and substance of a June 23, 2013 email between counsel, regarding the Chapter 7 Trustee's scheduling of a 2004 examination, in denying David Abraham and Parvin Asgharnejad's claimed homestead exemptions in the Property.

7. Whether the Chapter 7 Trustee failed to meet his burden to produce sufficient evidence under Fed. R. Bankr. P. 4003(c) to prove, by a preponderance of the evidence, that David Abraham and Parvin Asgharnejad show no intent of returning to the United States shortly/in the near future.

8. Whether the Bankruptcy Court erred in finding that David Abraham and Parvin Asgharnejad show no intent of returning to the United States shortly/in the near future.

9. Whether the Chapter 7 Trustee failed to meet his burden to produce sufficient evidence under Fed. R. Bankr. P. 4003(c) to prove, by a preponderance of the evidence, that David Abraham and Parvin Asgharnejad have shown no serious effort/intent to find work in the United States.

10. Whether the Bankruptcy Court erred in finding that David Abraham and Parvin Asgharnejad have shown no serious effort/intent to find work in the United States.

11. Whether the Chapter 7 Trustee failed to meet his burden to produce sufficient evidence under Fed. R. Bankr. P. 4003(c) to prove, by a preponderance of the evidence, that the Property is not David Abraham and Parvin Asgharnejad's principal residence.

12. Whether the Bankruptcy Court erred in denying David Abraham and Parvin Asgharnejad's claimed homestead exemptions where David Abraham and Parvin Asgharnejad produced

sufficient evidence to the Bankruptcy Court demonstrating the validity of their claimed homestead exemptions in the Property.

13. Whether the Bankruptcy Court erred in denying David Abraham and Parvin Asgharnejad's claimed homestead exemptions where David Abraham and Parvin Asgharnejad produced sufficient evidence to the Bankruptcy Court demonstrating that the Property is their principal residence.

14. Whether the Bankruptcy Court erred in denying David Abraham and Parvin Asgharnejad's claimed homestead exemptions where David Abraham and Parvin Asgharnejad produced sufficient evidence demonstrating the necessity of maintaining the Property as their principal residence while living and working abroad.

15. Whether the Bankruptcy Court erred in denying David Abraham and Parvin Asgharnejad's claimed homestead exemptions where David Abraham and Parvin Asgharnejad produced sufficient evidence demonstrating their intent to return to the United States to return to live in the Property.

16. Whether the Bankruptcy Court erred in denying David Abraham and Parvin Asgharnejad's claimed homestead exemptions where David Abraham and Parvin Asgharnejad produced sufficient evidence demonstrating their ongoing maintenance of the Property as their family's principal residence since 1998, which a significant time period beginning before their bankruptcy case.

17. Whether 11 U.S.C. §522(d)(1) requires David Abraham and Parvin Asgharnejad to demonstrate to the Bankruptcy Court continuous inhabitation of the Property during the pendency of the bankruptcy case in order to claim homestead exemptions in the Property.

18. Whether 11 U.S.C. §522(d)(1) permits David Abraham and Parvin Asgharnejad to claim homestead exemptions in the Property while living and working abroad.

19. Whether the Chapter 7 Trustee failed to meet his burden to produce sufficient evidence under Fed. R. Bankr. P. 4003(c) to prove, by a preponderance of the evidence, that David Abraham and Parvin Asgharnejad's principal residence is in Iran.

20. Whether the Chapter 7 Trustee failed to meet his burden to produce sufficient evidence under Fed. R. Bankr. P. 4003(c) to prove, by a preponderance of the evidence, that David Abraham and Parvin Asgharnejad's principal residence is in Iran.

21. Whether the Bankruptcy Court erred in finding that David Abraham and Parvin Asgharnejad's principal residence is in Iran.

**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
(fax) (973) 218-6878
Attorneys for the Appellants
David Abraham and Parvin Asgharnejad

 /s/ Joseph M. Shapiro
By: Joseph M. Shapiro, Esq.

Dated: August 5, 2014